UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| DANNY LEE BYRD, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) Case No. 1:16CV103 HEA |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

# OPINION, MEMORANDUM AND ORDER

This matter is before the Court on Petitioner's motion to Vacate, Set Aside or Correct Sentence [Doc. #1] pursuant to 28 U.S.C. § 2255, wherein he asserts *Johnson v. United States,* 135 S. Ct. 2551 (2015) is applicable. The United States of America has responded to the motion. For the reasons set forth below the Motion will be denied.

## Facts and Background

On January 17, 2012, Petitioner entered a plea of guilty to the offense of Felon in Possession of a Firearm. A Presentence Investigation Report was prepared and provided to the court. Petitioner appeared for sentencing on April 17, 2012 and was found to be an Armed Career Criminal with a Total Offense Level of 31 and a Criminal History of VI. He was sentenced to a term of imprisonment of

180 months. The Presentence Investigation Report found Petitioner to have a Sentencing Guideline range of 188 to 235 months. There were four violent felony convictions identified in the P.S.R.:

(1) On February 10, 2004, Byrd was convicted of the felony of Second Degree Assault in the Circuit Court of Mississippi County, Missouri, in Case Number 03CR746664-01;

(2) On July 27, 2005, Byrd was convicted of the felony of Missouri Second Degree Burglary in the Circuit Court of Mississippi County, Missouri, in Case Number 05MI-CR00431-01;

(3) On July 27, 2005, Byrd was convicted of the felony of Second Degree Burglary in the Circuit Court of Mississippi County, Missouri, in Case Number 05MI-CR00292-01; and

(4) On September 2, 2008, Byrd was convicted of the felony of Resisting Arrest by Creating a Substantial Risk of Serious Physical Injury or Death in the Circuit Court of Butler County, Missouri, in Case Number 08BT-CR0255-01.

## Petitioner's Claim

Petitioner claims that he is entitled to relief under the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015). His suggestion is that *Johnson* should be applied retroactively to his case to reduce his sentence.

## Discussion

In *Johnson v. United States*, 135 S. Ct. 2551 (2015), the Supreme Court held that the residual clause in the definition of a "violent felony" in the Armed Career Criminal Act of 1984, 18 U.S.C. § 924(e)(2)(B) ("ACCA"), is unconstitutionally vague. The Supreme Court has since determined that *Johnson* announced a new substantive rule of constitutional law that applies retroactively on collateral review in cases involving ACCA-enhanced sentences. *United States v. Welch*, 136 S. Ct. 1257 (2016). However, the Court's holding in *Welch* that *Johnson* applies retroactively in ACCA cases on collateral review does not govern the separate question of whether *Johnson* applies retroactively to claims based on the Sentencing Guidelines. Unlike the ACCA, a Guidelines classification does not "prescribe[] punishment." *Welch*, 136 S. Ct. at 1268.

Here, Petitioner's classification as an ACC does not rest on the residual clause of the ACCA because his conviction for Missouri Second Degree Assault and two convictions for Missouri Second Degree Burglary were all classified as violent felonies under the elements clause and enumerated crimes of the definition of a violent felony, not the residual clause definition of a violent felony.

The Armed Career Criminal Act provides that a defendant convicted in federal court of being a felon in possession of firearms and/or ammunition *and* who has three prior felony convictions for violent felonies and/or serious drug offenses committed on occasions separate from one another must receive an

enhanced punishment of a maximum of life and a minimum term of imprisonment of fifteen years. 18 U.S.C. § 924(e), also known as the Armed Career Criminal Act or "ACCA". Petitioner was sentenced under 18 U.S.C. § 924(e) after this Court determined that he had at least three prior felony convictions for violent felonies. A "violent felony" is defined as:

> (B) the term "violent felony" means any crime punishable by imprisonment for a term exceeding one year, . . . , that –
> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
> (ii) is burglary, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another.*

18 U.S.C. § 924(e)(2)(B) (emphasis furnished).

The assault conviction of Petitioner is an elements clause violent felony, and is not an offense referenced in the residual clause which could be determined as repugnant. Under *Descamps v. United States*, 133 S.Ct.2276, 2287 (2013), Missouri Second Degree Assault is a divisible statute. The statute has six separate types of offense conduct that could be charged under that statute. A review of the Information in the State court offense allows for the determination of which type of offense conduct the Petitioner was charged and convicted. It charges that he *knowingly caused physical injury to Bobby Burke by means of a dangerous instrument.* Exh. 1. (Emphasis furnished). He was charged under the subsection that only permitted a conviction for "knowing" conduct, and not for reckless,

4

accidental or negligent conduct. As such, with physical force, as an element of the offense, the conviction for Missouri Second Degree Assault was an elements clause violent felony and not offensive to the ruling in *Johnson.*

Petitioner's conviction for Missouri Second Degree Assault was always classified as a violent felony as an elements clause crime of violence. The Eighth Circuit Court of Appeals reaffirmed this in *United States v. Alexander*, 809 F.3d 1029 (8th Cir. 2016), which was announced after *Johnson*.

Burglary is included in the statutory definition of the violent felony listing of the four enumerated offenses of burglary, arson, extortion or crimes involving the use of explosives. 18 U.S.C. § 924(e)(2)(B)(ii). *Taylor v. United States*, 495 U.S. 575, set out what qualified as a "burglary" for purposes of the enumerated crimes section of 18 U.S.C. § 924(e)(2)(B). The Supreme Court held that, in order for a previous burglary conviction to qualify as an enumerated violent crime, it must be for the "unlawful or unprivileged entry into, or remaining in, a building or structure, with intent to commit a crime." *Id*. at 599. Only the burglary of a building or structure would qualify as an enumerated violent felony burglary. Both Burglary convictions of Petitioner were charged as burglaries of buildings, and therefore, they both qualify as violent felonies.

**Conclusion**

Based upon the foregoing analysis, Petitioner has failed to establish he is entitled to a hearing and has failed to present any basis upon which the Court may grant relief.

### **Certificate of Appealablity**

The federal statute governing certificates of appealability provides that "[a] certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A substantial showing of the denial of a constitutional right requires that "issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings." *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997). Based on the record, and the law as discussed herein, the Court finds that Movant has not made a substantial showing of the denial of a constitutional right.

Accordingly,

**IT IS HEREBY ORDERED** that this action is **DENIED** in all respects.

**IT IS FURTHER ORDERED** that the Court will not issue a certificate of appealability.

Dated this 11th day of April, 2017.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE